J-S61033-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEROME REGIS KIRSCH, JR., | : | |
| | : | |
| Appellant | : | No. 688 WDA 2014 |

Appeal from the Order April 24, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0003050-2011

BEFORE:  FORD ELLIOTT, P.J.E., WECHT and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　　　**FILED OCTOBER 07, 2014**

Jerome Regis Kirsch, Jr. (Appellant), appeals from the order entered on April 24, 2014, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The background underlying this matter was summarized by a prior panel of this Court.

> This matter arises out of [Appellant's] arrest on December 16, 2010[,] at which time [Appellant] was charged at [docket number] CC 201103050 [(hereinafter "3050")] with two counts of Involuntary Deviate Sexual Intercourse[,] three counts of Criminal Solicitation[,] two counts of Aggravated Indecent Assault[,] two counts of Endangering the Welfare of Children, two counts of Indecent Exposure, two counts of Corruption of Minors, and one count of Indecent Assault.  [Appellant] was also charged at [docket number] CC[]201201972 [(hereinafter "1972")] with one count of theft. ...
>
> On August 7, 2012, [Appellant] entered into a negotiated plea agreement at [docket number 3050.  Pursuant to the

---

* Retired Senior Judge assigned to the Superior Court.

> agreement, Appellant agreed to plead guilty to the following counts:] Count 7 (Endangering the Welfare of a Child), Count 9 (Indecent Exposure), Count 11 (Corruption of Minors)[,] and Count 13 (Indecent Assault)[. In exchange, the Commonwealth agreed to withdraw the remaining charges at the docket number and recommend that Appellant serve a term of ten years' probation. At docket number 1972, Appellant] also entered into a plea agreement pursuant to which [Appellant] would plea[d guilty to theft and receive a sentence of probation.]

**Commonwealth v. Kirsch**, 93 A.3d 501 (Pa. Super. 2013) (unpublished memorandum at 1-2) (citation omitted).

The trial court sentenced Appellant at docket number 3050 to an aggregate term of 10 years of probation and at docket number 1972 to a 2 year term of probation. Appellant did not file a direct appeal.

Appellant timely filed a PCRA petition. The PCRA court appointed counsel to represent Appellant, and counsel filed an amended PCRA petition. Appellant's primary contention was that trial counsel rendered ineffective assistance by coercing and threatening Appellant into taking the plea agreement. According to Appellant, counsel's ineffectiveness renders his plea unknowing, involuntary, and unintelligent.

The PCRA court scheduled a hearing for March 18, 2013. When Appellant failed to appear at the hearing, the Commonwealth moved to dismiss the PCRA petition for failure to prosecute. The PCRA court granted the Commonwealth's motion.

> On April 15, 2013, [Appellant] filed a [m]otion for [r]econsideration of the March 18, 2013 order[.] In his [p]etition, [Appellant averred] the following:

. . .

[] 11. [On August 24, 2012, Appellant was arrested for an alleged violation of his probation.] On March 7, 2013, [Appellant] was released from the Allegheny County Jail.

12. By order dated March 7[, 2013 and entered March 11, 2013, the PCRA court scheduled a hearing on Appellant's PCRA p]etition.

13. On March 12, 2013 [Appellant's counsel] … first became aware of the March 18, 2013 PCRA hearing and, on March 13, 2013 [Appellant's counsel] received a copy of the [PCRA court's scheduling order].

14. [Appellant's counsel] was not able to reach [Appellant] prior to the March 18, 2013 evidentiary hearing.

15. On March 18, 2013, [Appellant's PCRA counsel, Appellant's trial counsel, and an attorney] for the Commonwealth appeared for the hearing scheduled for that date[. Appellant] failed to appear[. Appellant's PCRA counsel was informed by the PCRA court's staff that Appellant] received notice of the March 18, 2013 hearing as a condition of [Appellant's] release from jail[. The Commonwealth] orally moved to dismiss [Appellant's PCRA petition] due to [Appellant's] failure to prosecute[. The PCRA court granted the Commonwealth's motion on March 18, 2013 and dismissed Appellant's PCRA petition].

16. The following week, a warrant was issued for [Appellant's] arrest for a suspected violation of [Appellant's] probation and [Appellant] was arrested and lodged in the Allegheny County Jail.

17. On or about April 5, 2013, [Appellant] notified [his counsel] that he [did not] receive notice of the March 18, 2013 hearing.[]

On April 15, 2013, the PCRA court denied Appellant's motion for reconsideration and, that day, Appellant filed a timely notice of appeal to this Court. …

***Commonwealth v. Kirsch***, 93 A.3d 501 (Pa. Super. 2013) (unpublished memorandum at 4-5) (citation omitted).

On appeal, Appellant raised a number of issues, including whether the PCRA court erred by dismissing his PCRA petition for failure to prosecute without holding a hearing. This Court concluded that the PCRA court did err in this regard. Consequently, the Court vacated the order dismissing Appellant's petition and remanded the matter to the PCRA court with instructions. More specifically, this Court directed the PCRA court to hold a hearing to determine whether Appellant's failure to appear at the March 18, 2013, hearing was voluntary or the result of a lack of notice to Appellant. The Court further stated that, if the PCRA court determined that Appellant's failure to appear was the result of lack of notice, the court must then hold a hearing on Appellant's PCRA petition.

The PCRA court held a hearing on April 10, 2014. At the beginning and end of the hearing, the court stated that it would assume that Appellant did not receive notice of the March 18, 2013, hearing and that it would decide the petition on its merits. Appellant and plea counsel were the only witnesses to testify at the hearing.

On April 24, 2014, the PCRA court entered an order dismissing Appellant's petition. Appellant timely filed a notice of appeal and

simultaneously filed a Pa.R.A.P. 1925(b) statement wherein he raised the same issue we noted above, *i.e.*, trial counsel was ineffective by coercing Appellant's guilty plea. The PCRA court responded to Appellant's Pa.R.A.P. 1925(b) statement by authoring an opinion. The court concluded, *inter alia*, that Appellant's claim is contradicted by the record made at the time of the plea.

In his brief to this Court, Appellant asks us to consider the question that follows.

> []Whether [Appellant's] plea was unknowing, involuntary, unintelligent, and entered as a result of ineffective assistance of counsel as [plea counsel] threatened/coerced [Appellant] into pleading guilty by representing that [Appellant] would be convicted if he went to trial and would receive a sentence of 20 to 40 years [of] incarceration?

Appellant's Brief at 3 (unnecessary capitalization and PCRA court's answer omitted).

Appellant summarizes his argument in support of his issue as follows.

> [Appellant's] guilty plea is invalid and entered as the result of plea counsel's ineffectiveness in coercing [Appellant] into accepting the plea agreement with threats that [Appellant] would get convicted if he went to trial and that he would receive a sentence of 20 to 40 years in prison. Plea counsel had no reasonable basis for making such threats. [Appellant] suffered prejudice because, but for said coercion/threats, he would not have plead guilty but, instead, would have proceeded to trial. …

*Id.* at 10.

> Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error. This Court grants great deference to the findings of the PCRA court, and we

- 5 -

will not disturb those findings merely because the record could support a contrary holding. We will not disturb the PCRA court's findings unless the record fails to support those findings.

A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

In order for [an a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. [An a]ppellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

Moreover, trial counsel is presumed to be effective.

***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006) (citations and quotation marks omitted).

During his plea colloquy, Appellant was asked whether any threats or promises, other than the potential plea agreement, may have influenced his decision to plead guilty. N.T., 8/7/2012, at 7. Appellant responded, "No."

*Id.* In addition, Appellant stated that he was satisfied with his counsel's advice and representation.[1] *Id.* at 12-13. "Appellant is bound by these statements, and he may not now assert grounds for withdrawing the plea which contradict the statements." *Commonwealth v. Timchak*, 69 A.3d 765, 774 (Pa. Super. 2013).

For these reasons, we conclude that the PCRA court properly dismissed Appellant's PCRA petition. We, therefore, affirm that court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014

---

[1] In his written explanation of his guilty plea, Appellant stated that no one forced him to enter his plea, that he was entering his plea on his free will, and that no one had threatened him to enter the plea. Guilty Plea Explanation of Defendant's Rights, 8/7/2012, at ¶¶ 53-55. Appellant further stated that he was satisfied with his counsel's legal advice and representation. *Id.* at ¶61.